**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COLLEEN BARILLARI and WILLIAM BARILLARI, h/w, | |
| Plaintiffs, | CIVIL ACTION NO. 3:12-cv-34 |
| v. | (JUDGE CAPUTO) |
| SKI SHAWNEE, INC., et al. | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Complaint by Plaintiffs Colleen Barillari and William Barillari, h/w. (Doc. 1). Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless the Plaintiffs can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs, citizens of New Jersey, bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. In their Complaint, Plaintiffs bring claims against ten (10) apparently separate Defendants. Specifically, they allege that Defendant Watershed Realty, LLC d/b/a Shawnee Mountain Ski Area "is a limited liability company licensed to do business in the Commonwealth of Pennsylvania with a principal place of business at PNC Bank Corp, 300 6th Avenue, 12th Floor, Pittsburgh, PA 15265." (Compl. at ¶ 3, Doc.1). Similarly, Watershed Realty, LLC (*not* d/b/a Shawnee Mountain Ski Area) is named as "a limited liability company licensed to do business in the Commonwealth of Pennsylvania with a registered office address at 68 Castleview Drive, McKees Rocks, PA 15136." (*Id.* at ¶ 4). The Complaint also names five (5) separate corporate Defendants, and includes facts as to

where they are "licensed to do business" and their "registered office address." (*Id.* at ¶¶ 2, 8-11). Finally, the Complaint identifies Defendants Karl Hope and Hilda Hope, individual Defendants doing business as three different businesses–Shawnee Mountain Ski Area, Shawnee Ski Area, and Ski Shawnee Mountain–and the locations in which they are "licensed to do business" and their "principal place of business." (*Id.* at ¶¶ 5-7).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular

instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### 1. Limited Liability Company Defendants

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the two separate Limited Liability Companies. The Complaint alleges that Defendant Watershed Realty, LLC d/b/a Shawnee Mountain Ski Area "is a limited liability company licensed to do business in the Commonwealth of Pennsylvania with a principal place of business at PNC Bank Corp, 300 6th Avenue, 12th Floor, Pittsburgh, PA 15265." (Compl. at ¶ 3, Doc.1). Additionally, it alleges that Watershed Realty, LLC (*not* d/b/a Shawnee Mountain Ski Area) is also "a limited liability company licensed to do business in the Commonwealth of Pennsylvania with a registered office address at 68 Castleview Drive, McKees Rocks, PA 15136." (*Id.* at ¶ 4).

Plaintiffs plead the citizenship of these LLCs in the same manner in which they incorrectly plead the citizenship of the corporate Defendants. *See infra*, Part 2. However, LLC denotes not a corporation, but a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited

liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

Here, the Complaint fails to allege facts regarding the citizenship of the members of either Watershed Realty, LLC. As such, the Court cannot determine that diversity jurisdiction applies to these entities.

### 2. Corporate Defendants

The Complaint also fails to properly allege the citizenship of the corporate parties. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Plaintiffs Complaint lists five (5) separate corporate defendants. However, the Complaint only includes facts as to where each is "licensed to do business" and its "registered office address." (Compl. at ¶¶ 2, 8-11). In order to properly plead the citizenship of these corporations, Plaintiffs must allege the principal place of business and state of

4

incorporation. As the Complaint contains none of these facts, the Court also cannot determine whether there is proper jurisdiction over these corporate Defendants.

### 3. Individual Defendants

The Complaint also contains insufficient information as to the citizenship of the individual Defendants. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Washington v. Hovensa LLC,* 652 F.3d 340, 344 (3d Cir. 2011) (citing *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Id.* ("It is the place to which, whenever he is absent, he has the intention of returning."). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must . . . be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Here, the Complaint does not identify the citizenship of the presumptive individual Defendants Karl Hope and Hilda Hope. Instead, it identifies them as individuals doing business as three separate corporations. While a plaintiff may raise a claim against an individual, corporation, or both, the instant complaint confuses these different entities. Specifically, in order to bring claims against Karl Hope and Hilda Hope in their individual capacities pursuant to diversity jurisdiction, Plaintiff must allege the citizenship of these individuals. Without such information, the Court cannot determine whether diversity jurisdiction exists as to Defendants Karl Hope and Hilda Hope.

### III. Conclusion

For the reasons above, the Complaint fails to adequately plead the citizenship of all

ten (10) Defendants. As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rules of Civil Procedure Rule 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiffs will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving their Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, the Plaintiffs will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action. An appropriate order follows.


 January 17, 2012                                         /s/ A. Richard Caputo

Date                                                            A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COLLEEN BARILLARI and WILLIAM BARILLARI, h/w, | |
| Plaintiffs, | |
| | CIVIL ACTION NO. 3:12-cv-34 |
| v. | |
| SKI SHAWNEE, INC., et al. | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER**

**NOW**, this 17th day of January, 2012, **IT IS HEREBY ORDERED** that Plaintiffs Plaintiffs Colleen Barillari and William Barillari, h/w, are given leave to file an amended complaint within twenty-one (21) days from the date of this order. If the Plaintiffs fail to do so, the action will be dismissed.

      /s/ A. Richard Caputo

A. Richard Caputo
United States District Judge