IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COLLEEN BARILLARI and          :          Civ. No.  3:12-CV-00034
WILLIAM BARILLARI              :
                               :          (Judge Brann)
                   Plaintiffs, :
                               :
                               :
                               :
          v.                   :
                               :
SKI SHAWNEE, INC.,             :
                               :
                               :
                   Defendant.  :

**MEMORANDUM**

September 8, 2014

Before the Court is Plaintiff Colleen Barillari and Plaintiff William Barillari

(together, "Plaintiffs") Motion in Limine (ECF No. 41).  The Plaintiffs seek to

preclude Defendant Ski Shawnee, Inc. ("Defendant" or "Ski Shawnee") from

introducing evidence at trial premised upon the Pennsylvania Skier's

Responsibility Act, 42 Pa. C.S.A. § 7102(c), and the common law assumption of

the risk doctrine or "no-duty" rules that exist under Pennsylvania tort law.  Both

Parties have briefed the issue and it is now ripe for disposition.  For the following

reasons, the Plaintiff's Motion is granted in part and denied in part.

## I.    BACKGROUND

This case arises from an accident Mrs. Barillari suffered at the Shawnee Mountain Ski Area, Monroe County, Pennsylvania, on January 10, 2010.  Def.'s Statement Material Facts ¶ 1, Dec. 3, 2012, ECF No. 18 [hereinafter Def.'s SOF]. Although Mrs. Barillari had skied previously, she was not a ticketed skier that day. Def.'s SOF ¶¶ 3–4; Pls.' Answer Statement Facts ¶ 3, Dec. 19, 2012, ECF No. 19 [hereinafter Pls.' SOF].  On that particular occasion, she came to the ski area to watch her husband and her children take ski lessons.  Def.'s SOF ¶¶ 6–13.

The accident occurred while Mrs. Barillari was standing on the snow of the slope close to tape that divided a ski run from the instruction area where Mr. Barillari was taking a lesson.  See Def.'s SOF ¶¶ 12–13; Pls.' SOF ¶¶ 10–11. There was a sign that read: "ATTENTION A Ticket or a Pass is Required to be on the Snow."  Def.'s SOF ¶ 19.  Nevertheless, Ski Shawnee employees admitted that the sign may be ambiguous and that its stated policy was not routinely enforced. Pls.' SOF ¶ 19.

Mrs. Barillari was generally aware of the risks of collision between skiers. Def.'s SOF ¶ 7.  At the time, however, she was not worried about skiers colliding with her because she believed that she was close enough to the dividing tape and there were other spectators in the area.  Def.'s SOF ¶¶ 15–17; Pls.' SOF ¶¶ 15–17.

Unfortunately for Mrs. Barillari, a skier did collide with her and caused an injury to her left leg.  Pls.' SOF, at 2.

On November 30, 2012, Ski Shawnee filed a Motion for Summary Judgment, in which it advanced a number of theories based on the assumption of the risk and "no-duty" rule defenses under Pennsylvania tort law.   See Def.'s Mot. Summ. J., Nov. 30, 2012, ECF No. 16.  The Court denied the motion based on the then-available record.  See Ct. Mem., Nov. 12, 2013, ECF No. 25.

Presently, the Plaintiffs seek to preclude the Defendant from introducing evidence to support Pennsylvania common law defenses of assumption of the risk or the "no-duty" rule, based on the Court's previous denial of summary judgment on the Defendants asserted defenses.

## II.   DISCUSSION

Motions in limine serve as useful tools to effectuate a clean and efficient litigation process.  Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure expressly acknowledge motions in limine or provide for their use, "the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Luce v. United States, 469 U.S. 38, 31 n.4 (1985).

In this case, the Plaintiff attempts to assert that, because the Court denied the

Defendant's Motion for Summary Judgment containing several asserted defenses,

the "law of the case" doctrine precludes the Defendant from introducing evidence

in furtherance of those defenses at trial.  The law of the case "doctrine posits that

when a court decides upon a rule of law, that decision should continue to govern

the same issues in subsequent stages in the same case."  Arizona v. California, 460

U.S. 605, 618 (1983).

The doctrine does not, however, apply to a court's denial of a motion for

summary judgment.  As a distinguished treatise reads:

> A denial of a motion for summary judgment cannot determine the law
> of a case because it is an interlocutory order subject to reconsideration
> at any time before final judgment in the case.  It does not conclusively
> resolve any legal issue or find any fact . . . and has no claim- or issue-
> preclusive effect.  Therefore, the law of the case doctrine does not
> apply to a denial of summary judgment motion.

11-56 MOORE'S FEDERAL PRACTICE - CIVIL § 56.121 (citing, *inter alia*, FED. R.

CIV. P. 54(b); Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010);

Aycock Eng'g, Inc. v. Airflite, Inc., 560 F.3d 1350, 1356 (8th Cir. 2009); Fenney

v. Dakota, Minn. & E. R.R. Co., 327 F.3d 707, 718 (8th Cir. 2003)).  Accordingly,

the law of the case does not conclusively bar the Defendant from introducing

evidence or asserting defenses merely based on the Court's denial of its Motion for

Summary Judgment.  See id.

The Defendant is precluded, however, from introducing evidence to the

extent that it relates to the Pennsylvania Skier's Responsibility Act.  Based on the

Court's reasoning in its Memorandum opinion articulating its denial of

Defendant's Motion for Summary Judgment, the Act does not apply to this case as

a matter of law because undisputed facts demonstrate Mrs. Barillari was not

engaged in the sport of downhill skiing.[1]  See Ct. Mem. 5–11, Nov. 12, 2013, ECF

No. 25.  The Defendant is not precluded from introducing evidence in support of

its asserted common law defenses, because a more fully developed record will aid

the Court in determining the applicability of those defenses in the final instance.

The Parties should note that rulings on motions in limine are "subject to

change when the case unfolds," and may be renewed in certain circumstances.

Luce v. United States, 469 U.S. 38, 41 (1984).  Where motions in limine have been

granted, those rulings are considered definitive by this Court; where motions have

been denied, the rulings are tentative and the motions may be renewed.  See

Walden v. Georgia-Pacific Corp., 126 F.3d 506, 517–20 (3d Cir. 1997)

(articulating the distinction).

III.   CONCLUSION

---

[1] The Defendant does not explicitly contest this conclusion in its Reply Brief to the
Plaintiffs' Motion in Limine.  See Def.'s Reply Br., Aug. 11, 2014, ECF No. 43.

In accordance with the foregoing, the Plaintiff's Motion is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge